KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Gary Jerome Harper,

                        Plaintiff,

v.

M. Kitchen, et al.,

                        Defendants.

No.   CV 15-08228-PCT-DGC (DKD)

**ORDER**

On October 19, 2015, Plaintiff Gary Jerome Harper, who is confined in the Mohave County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an incomplete Application to Proceed In Forma Pauperis. In a November 2, 2015 Order, the Court denied the deficient Application to Proceed with leave to refile. On November 12, 2015, Plaintiff filed a new Application to Proceed (Doc. 8).  The Court will dismiss the Complaint with leave to amend.

Also pending before the Court is Plaintiff's October 30, 2014 "Motion for Extension of Time" (Doc. 5) in which Plaintiff seeks a "90 day order to attempt settlement negotiations before a jury trial."   Because the Court will dismiss the Complaint, the Court will deny the Motion as moot.

## I.      Application to Proceed In Forma Pauperis and Filing Fee

Plaintiff's new Application to Proceed In Forma Pauperis will be granted.   28 U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C. § 1915(b)(1).   The Court will assess an initial partial filing fee of $20.00.   The remainder

1    of the fee will be collected monthly in payments of 20% of the previous month's income

2    credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

3    28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

4    government agency to collect and forward the fees according to the statutory formula.

5    **II.    Statutory Screening of Prisoner Complaints**

6        The Court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or an employee of a governmental entity.  28

8    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

9    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

10   which relief may be granted, or that seek monetary relief from a defendant who is

11   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

12       A pleading must contain a "short and plain statement of the claim *showing* that the

13   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

14   does not demand detailed factual allegations, "it demands more than an unadorned, the-

15   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

16   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

17   conclusory statements, do not suffice."  *Id.*

18       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

20   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

21   content that allows the court to draw the reasonable inference that the defendant is liable

22   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

23   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

24   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

25   specific factual allegations may be consistent with a constitutional claim, a court must

26   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

27   at 681.

28   . . . .

1    But as the United States Court of Appeals for the Ninth Circuit has instructed,
2    courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
3    342 (9th Cir. 2010).   A "complaint [filed by a pro se prisoner] 'must be held to less
4    stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
5    *Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

6    If the Court determines that a pleading could be cured by the allegation of other
7    facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
8    of the action.   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).
9    Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may
10    possibly be amended to state a claim, the Court will dismiss it with leave to amend.

11    **III.    Complaint**

12    In his five-count Complaint, Plaintiff names the following Defendants: Sergeant
13    M. Kitchen; Swing Shift Corporal Noba; "ADO" Vollbracht; "ADO" McCuen; Director
14    Bishoff; and Mohave County Sheriff Jim McCabe.

15    In Count One, Plaintiff claims Defendant Kitchen denied him access to legal
16    materials including complaint forms, paper, and additional paper.   In Count Two,
17    Plaintiff claims he was denied access to the courts when he was not allowed "any
18    envelopes, paper, or forms to properly submit additional 1983's to U.S. District Court."
19    In Count Three, Plaintiff alleges he was denied legal supplies "by a sergeant due to
20    pending grievances there [at] the jail [and] pending lawsuits."   In Count Four, Plaintiff
21    claims he was denied access to the court as well as paper and legal supplies, in violation
22    of the Americans with Disabilities Act (ADA).   In Count Five, Plaintiff claims he was
23    "denied what [he] should have been entitled to through the ADA Title 2 integrated
24    settings."   Plaintiff seeks an apology from each Defendant and money damages.

25    **IV.    Failure to State a Claim**

26    **A.    Legal Supplies and Access to the Court–Count One and Two**

27    The right of meaningful access to the courts prohibits officials from actively
28    interfering with inmates' attempts to prepare or file legal documents.   *Lewis v. Casey*,

518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation.  *Id.* at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present.  *Id.* at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim."  *Id.* at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Id.* at 355.  The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement.  *Id.*  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* (emphasis in original).

Plaintiff's claim that he was denied legal and writing supplies fails to state a claim for denial of access to the courts because Plaintiff has not alleged that he suffered an actual injury as the result of the denial of legal and writing supplies.  Plaintiff does not allege that he was prevented from bringing to court a nonfrivolous claim attacking his sentence or challenging his conditions of confinement.  Moreover, Plaintiff has filed 19 new cases with this Court from September 2015 through December 2015.  The Court finds it implausible that Plaintiff has been prevented from filing claims.

/ / /

/ / /

1

**B.      Retaliation–Count Three**

2      In Count Three, Plaintiff claims an unnamed sergeant denied him legal and writing

3   supplies in retaliation for filing grievances. A viable claim of First Amendment

4   retaliation contains five basic elements: (1) an assertion that a state actor took some

5   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

6   that such action (4) chilled the inmate's exercise of his First Amendment rights (or that

7   the inmate suffered more than minimal harm) and (5) did not reasonably advance a

8   legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);

9   *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an

10   inmate to show (1) that the prison official acted in retaliation for the exercise of a

11   constitutionally protected right, and (2) that the action "advanced no legitimate

12   penological interest"). The plaintiff has the burden of demonstrating that his exercise of

13   his First Amendment rights was a substantial or motivating factor behind the defendants'

14   conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);

15   *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

16      Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

17   520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey*

18   *v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a

19   liberal interpretation of a civil rights complaint may not supply essential elements of the

20   claim that were not initially pled. *Id*.

21      Plaintiff's allegations in Count Three are too vague and conclusory to state a claim

22   for retaliation. Plaintiff does not describe the nature of his grievances or when they were

23   filed, nor does he allege why he believes legal and writing supplies were denied because

24   of the grievances. Further, Plaintiff has not identified the individual responsible for

25   denying him legal and writing supplies, nor does he allege that he suffered more than

26   minimal harm. Accordingly, Plaintiff has failed to state a claim in Count Three.

27   / / /

28   / / /

1   **C.   ADA-Counts Four and Five**

2          Under Title II of the ADA, "no qualified individual with a disability shall, by

3   reason of such disability, be excluded from participation in or be denied the benefits of

4   the services, programs, or activities of a public entity, or be subjected to discrimination

5   by any such entity."  42 U.S.C. § 12132.  As used in this provision, a "public entity" is

6   defined in part as "(A)ny State or local government; [or] (B) any department, agency,

7   special purpose district, or other instrumentality of a State or States or local

8   government . . . ."  42 U.S.C. § 12131.  To state an ADA claim, a plaintiff must first

9   demonstrate that he:

10                  (1) is a handicapped person; (2) that he is otherwise qualified;
                     and that [prison officials'] actions either (3) excluded his
11                  participation in or denied him the benefits of a service,
                     program, or activity; or (4) otherwise subjected him to
12                  discrimination on the basis of his physical handicap.
13

14  *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996).  The ADA requires that the

15  impairment substantially limit one or more of the individual's major life activities.  42

16  U.S.C. § 12112(a).  "Major life activities" include "functions such as caring for oneself,

17  performing manual tasks, walking, seeing, speaking, breathing, learning and working."

18  29 C.F.R. § 1630.2(i).

19          Plaintiff has not alleged that he is a handicapped person and that he is excluded

20  from participation in or denied the benefits of a service, program, or activity, on the basis

21  of his physical handicap.  Accordingly, Plaintiff has failed to state a claim under the

22  ADA in Counts Four or Five of the Complaint.

23  **V.   Leave to Amend**

24          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

25  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

26  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

27  mail Plaintiff a court-approved form to use for filing a first amended complaint.  If

28  Plaintiff fails to use the court-approved form, the Court may strike the amended

**JDDL-K**

complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

In each count, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

/ / /

JDDL-K

**IT IS ORDERED:**

(1)     Plaintiff's October 30, 2015 Motion for Extension of Time (Doc. 5) is **denied**.

(2)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 8) is **granted**.

(3)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $20.00.

(4)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 2nd day of February, 2016.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| --- | --- | --- |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D. REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)    Plaintiff,    )<br>                                )<br>        vs.                     )<br>                                )<br>(1) _____, )<br>(Full Name of Defendant)         )<br>(2) _____, )<br>                                )<br>(3) _____, )<br>                                )<br>(4) _____, )<br>            Defendant(s).        )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>        (To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____ at _____.
(Position and Title)                                          (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____ at _____.
(Position and Title)                                          (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____ at _____.
(Position and Title)                                          (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____ at _____.
(Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?) _____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**

a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                              ☐ Yes   ☐ No

b.    Did you submit a request for administrative relief on Count I?            ☐ Yes   ☐ No

c.    Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No

d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail        ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Count II?    ☐ Yes  ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?                                                                    ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count III?                 ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not. _____
      _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____            _____
                              DATE                                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.